| | |
|---|---|
| Michael Shane Morrow, #249332, ) | C/A No. 0:10-1199-MBS-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Pickens County Detention Center; Medical ) | |
| Staff Marry Hammond; Secraerity; Head of ) | |
| Staff Mantince; Sanitizors; Health ) | |
| Inspector; Director Catherine Vissage; ) | |
| Warden Cpt. Phill Sargeant, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff, Michael Shane Morrow (Plaintiff), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Plaintiff's initial Complaint, docketed by the Clerk of Court on May 11, 2010, failed to provide information needed for initial review and possible service of this action. (Docket Entry 1.) Therefore, the court issued an order on May 18, 2010, directing Plaintiff to bring this case into proper form. (Docket Entry 5.) On the same date, Plaintiff filed an Amended

Complaint. (Docket Entry 7.) Plaintiff provided service documents for several of the Defendants on June 1, 2010.[1]

The Complaint, which names various detention center employees and staff positions as Defendants,[2] should be dismissed for failure to state a claim upon which relief may be granted as to the following Defendants: Pickens County Detention Center; Secraerity; Head of Staff Mantince; Sanitizors and Health Inspector. In an order to be filed contemporaneously with this Report and Recommendation, service of the Amended Complaint is directed for Defendants Marry Hammond, Catherine Vissage, and Phill Sargeant.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[1]Plaintiff also provided service documents for Sheriff David Stone. However, this individual is not listed in the caption of Plaintiff's initial or Amended Complaint. Further, no individual by the name of David Stone is listed in the "parties" section of the Complaint/Amended Complaint or elsewhere in the body of the pleadings. Therefore, this individual has not been added to the docket as a defendant in this action. Plaintiff failed to provide any service documents for the following Defendants: Secraerity; Head of Staff Mantince; Sanitizors; and Health Inspector.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements

---

[3]Screening pursuant to § 1915A is subject to this standard as well.

under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges that, due to unsanitary prison conditions at the Pickens County Detention Center, he contracted a staph infection in his arm in 2007 and on his face in 2008. Plaintiff alleges that the defendants were deliberately indifferent to his medical needs on both occasions. The Complaint also discusses overcrowding and other allegedly unconstitutional prison conditions Plaintiff experienced during his stay at the detention center.

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271(1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707. To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution

*PJG*

and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983.

Plaintiff names the Pickens County Detention Center as a defendant in this action. The Pickens County Detention Center is not a "person" within the meaning of § 1983. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). The Detention Center consists of buildings, facilities, and grounds—inanimate objects that do not act under color of state law—and thus is not a "person" within the meaning of §1983. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), rev'd on other grounds 2000 WL 20591, *1 (4th Cir. 2000) (unpublished) ("The court also properly determined that the Piedmont Regional Jail is not a "person" and is therefore not amenable to suit under § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, the defendant "Pickens County Detention Center" should be summarily dismissed from this action without prejudice and without service of process.

Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Barnett v. Padula, No. 9:09-cv-00949-RBH, 2009 WL 1371815 (D.S.C. May 15, 2009) (concluding that the "Lee CI Medical Staff" is not a "person" subject to suit under § 1983); Barnes v. Bakersville Corr. Cen. Med. Staff, No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (concluding

that a plaintiff failed to state a claim for relief under § 1983 because the plaintiff named "unspecified prison personnel" as defendants); see also Martin v. UConn Health Care, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn., Feb. 9, 2000); Ferguson v. Morgan, No. 90 Civ. 6318 (JSM), 1991 WL 115759 (S.D. N.Y. Jun. 20, 1991). In the instant action, Plaintiff names four staff positions as defendants: Secraerity; Head of Staff Mantince; Health Inspector; and Sanitizors.[4] As indicated above, these detention center staff positions are not proper defendants in an action brought pursuant to § 1983. Further, there is "no way to serve such unnamed individual or individuals with notice of this action." Johnson v. Nelson, No. 1:06-CV-145(WAS), 2008 WL 2123756 at *2 (M.D. Ga., May 16 2008). Thus, the defendants identified only as Secraerity, Head of Staff Maintince, Health Inspector, and Sanitizors, should also be summarily dismissed from this action.

## RECOMMENDATION

Accordingly, the court recommends that Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process as to Defendants Pickens County Detention Center, Secraerity, Head of Staff Mantince, Health Inspector and Sanitizors. Process shall issue for service on the remaining defendants, which have been specifically identified by the Plaintiff: Medical Staff Marry Hammond; Director Catherine Vissage; and Warden Cpt. Phill Sargeant.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 21, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[4]The court construes the defendant identified as Secraerity as "Security," and the defendant identified as Head of Staff Mantince as "Head of Staff Maintenance."

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).