IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Shane Morrow, | ) | C/A No. 0:10-1199-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Mary Hammond, *Doctor*; Sheriff of Pickens County; Unknown Director of Pickens County Detention Center; Unknown Medical Staff; Warden Catherine Vissage; Warden Cpt. Phill Sargeant, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983. Defendant Hammond filed a motion for summary judgment on December 1, 2010, and a motion to dismiss on December 15, 2010, pursuant to the Federal Rules of Civil Procedure. (ECF Nos. 48 & 54.) By orders of this court filed December 9, 2010 and December 16, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately.[1] (ECF Nos. 51 & 55.)

Notwithstanding the specific warning and instructions set forth in the court's Roseboro orders, the plaintiff failed to respond to the motions. As the plaintiff is proceeding *pro se*, the court filed a second order on January 24, 2011, advising the plaintiff that it appeared to the court that he

---

[1] The court notes that the mailings containing these orders were returned as undeliverable. (See ECF Nos. 58 & 59.) The court further observes that the plaintiff was specifically advised of his obligation to keep the court apprised of his current address and the consequences of failing to do so. (See ECF No. 5.)



was not opposing the motions and wished to abandon this action, and giving the plaintiff an additional fourteen (14) days in which to file his response to the defendants' motions for summary judgment and to dismiss.[2] (ECF No. 69.) The plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Despite this second warning, the plaintiff still did not respond.

Additionally, on December 29, 2010, Defendants Sargeant and Vissage filed a motion to dismiss. (ECF No. 61.) By order of this court filed January 3, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was again advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately.[3] (ECF No. 62.) The plaintiff failed to respond.

Therefore, the plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[4]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis, 558 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from

---

[2] The mailing containing this order was also returned as undeliverable. (See ECF No. 71.)

[3] The mailing containing this order was also returned as undeliverable. (See ECF No. 66.)

[4] He is personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Chandler Leasing Corp., 669 F.2d at 920.



the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), <u>cert. denied</u> <u>sub nom</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b).  In light of the court's recommendation, the court further recommends that any pending motions (ECF Nos. 33, 48, 54, & 61) be terminated.

                                                            _____
                                                            Paige J. Gossett
                                                            UNITED STATES MAGISTRATE JUDGE

February 9, 2011
Columbia, South Carolina

                    *The parties are referred to the Notice Page attached hereto.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).