IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Shane Morrow, | ) | |
| | ) | C/A No. 0:10-1199-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Marry Hammond, Doctor, Sheriff of | ) | **O R D E R** |
| Pickens County Detention Center; | ) | |
| Unknown Medical Staff; Warden Catherine | ) | |
| Vissage, Warden Cpt. Phill Sargeant, | ) | |
| | ) | |
| Defendants. | ) | |

At the time of the underlying events, Plaintiff Michael Shane Morrow was detained at the Pickens County Detention Center in Pickens, South Carolina. Plaintiff, proceeding pro se, alleges that he was subjected to unconstitutional conditions of confinement and denied adequate medical care in violation of his constitutional rights. Plaintiff brings the within action pursuant to 42 U.S.C. § 1983. Plaintiff filed amended complaints on May 18, 2010 and November 18, 2010.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On November 24, 2010, Defendant Hammond filed a motion for extension of time. The Magistrate Judge granted the motion by text order filed November 29, 2010. A copy of the order was sent to Plaintiff at his last known address at McCormick Correctional Institution (MCI) in McCormick, South Carolina. On December 8, 2010, the envelope containing Plaintiff's copy of the Magistrate Judge's text order was returned to the Office of the Clerk of Court, marked "NO LONGER HERE - RETURN TO SENDER - INMATE RELEASED." On December 1, 2010, Defendant Hammond filed a motion for summary judgment. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), an

order was issued advising Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately. One December 15, 2010, Defendant Hammond filed a motion to dismiss for lack of prosecution. On December 16, 2010, a second Roseboro order was issued. On December 20 and 28, 2010, the envelopes containing Plaintiff's copies of the Roseboro order were returned to the Clerk's Office, marked "RETURN TO SENDER - NO LONGER HERE - NOT DELIVERABLE AS ADDRESSED - UNABLE TO FORWARD" and "INMATE RELEASED."

On December 29, 2010, Defendants Vissage and Sargeant filed a motion to dismiss. A third Roseboro order was issued on January 3, 2011. The envelope containing Plaintiff's copy of the third Roseboro order was returned to the Clerk's Office on January 6, 2011, marked "INMATE RELEASED - RELEASED 12-1-10."

On January 24, 2011, the Magistrate Judge issued an order directing Plaintiff to notify the court as to whether he wished to continue with the case and respond to the Defendants' motions within fourteen days. The order was returned to the Clerk's Office on February 2, 2011, marked "INMATE RELEASED - RELEASED 12-1-10 - RETURN TO SENDER - NOT DELIVERABLE AS ADDRESSED - UNABLE TO FORWARD."

On February 9, 2011, the Magistrate Judge issued a Report and Recommendation in which she recommended that the complaint be dismissed, with prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b). The envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Clerk of Court on February 15, 2011, marked "RETURN TO SENDER - NO LONGER HERE."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff was instructed by order filed May 18, 2010 to keep the Clerk of Court advised in writing if his addressed changed for any reason. Plaintiff was informed that his case could be dismissed for failing to comply with the May 18, 2010 order. Nevertheless, Plaintiff has provided the court with no change of address. It appears that Plaintiff no longer wishes to pursue this action. The court concurs in the Report and Recommendation and incorporates it herein by reference. The within action is dismissed with prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 3, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**